```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**JAMES B. DAWSON**                                         **PLAINTIFF**

VS.                              CIVIL ACTION NO. 3:09-cv-587-WHB-LRA

**JOHN POTTER, Postmaster General,**
**UNITED STATES POSTAL SERVICE**                            **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the motion of Defendant, John E. Potter, to dismiss or, in the alternative, to transfer venue. The Court, having considered the pleadings including the Complaint,[1] the attachments to the pleadings, as well as supporting and opposing authorities, finds the motion to dismiss should be granted, and the motion to transfer venue should be denied as moot.

### I.  Factual Background and Procedural History

According to the pleadings, while Plaintiff, James B. Dawson ("Dawson"), was employed by the United States Postal Service ("Postal Service") in Bremerton, Washington, he lodged several employment discrimination claims against his employer. The claims were ultimately resolved through a Settlement Agreement, that was entered on August 28, 2006. See Compl. Ex. A. As part of the

---

[1] As Plaintiff is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. See e.g. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993).

Settlement Agreement, the Postal Service agreed to cancel any debts owed by Dawson to that agency, and to nullify his negative balance of sick leave.  See Compl. Ex. A, at ¶ 3.  In addition, the parties agreed:

> Mr. Dawson will not seek in any forum, judicial or administrative, future complaints, claims, appeals or actions relating to this EEO Complaint No. 380-2005000010X.  The parties recognize that the EEOC maintains jurisdiction for disputes arising out of enforcement of this Settlement Agreement.  Mr. Dawson may only seek to enforce this Settlement Agreement pursuant to those parts of the EEOC enforcement regulations.  If Mr. Dawson believes that the Agency has failed to comply with the terms of this Settlement Agreement or final decision, he shall notify the District EEO Compliance and Appeals Coordinator in writing of the alleged noncompliance within 30 days of the date on which he knew or should have known of the alleged noncompliance.

See Compl. Ex. A, at ¶ 2.

Dawson claims that the Postal Service breached the Settlement Agreement by failing to cancel the debts he owed that agency. According to Dawson, instead of cancelling his debt, the Postal Service withheld approximately $200 from his "first 2-3" paycheck after he returned to work.  See Compl. ¶ 1.  Dawson claims that the withholding caused him undue hardship.  For example, Dawson claims that because funds were withheld from his paycheck, he was forced to rent an apartment in an unsafe neighborhood and, therefore, was unable to take custody of his son.  See Compl. ¶¶ 2-7.

On January 11, 2007, Dawson notified the Postal Service of the alleged breach.  Thereafter, having not received any response from the Postal Service, Dawson filed an appeal with the Equal

2

Employment Opportunity Commission ("EEOC") on February 28, 2007. On appeal, the EEOC found:

> In the instant case, we find that, subsequent to [Dawson's] filing his appeal with the Commission, the agency fulfilled the terms of the settlement agreement. Specifically, the record establishes that the agency credited [Dawson] 14 hours of sick leave in pay period 3 of 2007.  Further, on August 26, 2008, [Dawson] was issued a check in the amount of $590.72 for debt owed by [Dawson] at the time of the settlement agreement. Assuming a breach of the settlement agreement did occur in the instant case, the agency has cured that breach and [Dawson] has not shown that he suffered harm from the agency's delay in compliance.

See Dawson, EEOC Appeal No. 0120071810, 2009 WL 1117610 (E.E.O.C. Apr. 15, 2009)(attached to Mot. to Dismiss [Docket No. 3], as Ex. A).  Dawson's motion for reconsideration of the EEOC decision was allegedly denied.  See Compl.

On September 29, 2009, Dawson filed a lawsuit in this Court against John Potter ("Potter"), in his capacity as Postmaster General of the United States Postal Service.  Based on his allegation that the Settlement Agreement was breached, Dawson seeks compensatory damages in the amount of $1,500,000 or the reinstatement of his EEOC complaint. Potter has now moved for the dismissal of Dawson's Complaint or, in the alternative, for a transfer of venue.

## II.  Discussion

Potter has moved to dismiss Dawson's lawsuit for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure. In support of dismissal, Potter argues that the Court lacks subject matter jurisdiction because the federal government has not waived its sovereign immunity with respect to Dawson's breach of settlement agreement claim. On the issue of sovereign immunity with respect to jurisdiction, the United States Court of Appeals for the Fifth Circuit has held that in cases in which the federal government has not waived its sovereign immunity, "the government is immune from suit, and there is no subject matter jurisdiction to hear this case." Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994)(citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). As more fully explained by the Fifth Circuit:

> 'In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity.' Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007). "'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied.'" Id. (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). "'Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.'" Id. (quoting Lane, 518 U.S. at 192). "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." Lane, 518 U.S. at 192. "Absent a waiver of sovereign immunity, the federal government is immune from suit." Lewis, 492 F.3d at 571 (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)). Finally, "[t]he absence of such a waiver is a jurisdictional defect." Id.; see also Bodin v. Vagshenian, 462 F.3d 481, 484 (5th Cir. 2006)(holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction").

Wagstaff v. United States Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007)(alterations in original).

4

Having reviewed the pleadings and applicable law, the Court finds that Dawson has failed to show that the Government has waived its sovereign immunity with respect to his breach of settlement agreement claim.  First, several courts that have considered the issue of subject matter jurisdiction have found that the statutory waiver of sovereign immunity in employment discrimination cases does not extend to lawsuits alleging that the federal government breached a settlement agreement entered with respect to such claim. See e.g. Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007)(finding that while "Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer ... this statutory waiver does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."). See also Lindstrom v. United States, 510 F.3d 1191, 1195 (10th Cir. 2007)(same); Berry v. Gutierrez, 587 F. Supp. 2d 717, 728 (E.D. Va. 2008)(finding that "the statutory waiver in Title VII does not expressly extend to a suit against the government asking for specific performance or reinstatement as a remedy for breach of a settlement agreement.").

Second, 29 C.F.R. § 1614.504 specifically limits the remedies available to a federal employee who claims a governmental agency breached a settlement agreement that was entered in conjunction with an employment discrimination claim. This Regulation provides, in relevant part:

(a)  Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. Final action that has not been the subject of an appeal or civil action shall be binding on the agency.  If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.  The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

(b) The agency shall resolve the matter and respond to the complainant, in writing.  If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision.  The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination.  The complainant must serve a copy of the appeal on the agency and the agency may submit a response to the Commission within 30 days of receiving notice of the appeal.

(c) Prior to rendering its determination, the Commission may request that parties submit whatever additional information or documentation it deems necessary or may direct that an investigation or hearing on the matter be conducted.  If the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased....

29 C.F.R. § 1614.504.  Thus, under the controlling Regulation, a federal employee is limited in his remedies when he alleges that his federal employer breached an agreement by which an employment

6

discrimination claim was settled.  See e.g. Lindstrom, 510 F.3d at 1194.  Specifically, under Section 1614.504(a), a federal employee alleging breach of settlement agreement may, after notifying the EEO Director in writing, exercise one of two options – he can either request that the terms of settlement agreement be specifically implemented or, in the alternative, he can request that his original complaint be reinstated for further processing.  See 29 C.F.R. § 1614.504(a).  If, during the administrative procedure following the employee's request, the EEOC determines that the federal agency has failed to comply with the terms of the settlement agreement, the EEOC may either order compliance with the terms of the settlement agreement or order that the employee's discrimination complaint be reinstated.  See 29 C.F.R. § 1614.504(c). Examining this regulation, courts have found that, by its plain language, it does not allow a federal employee to enforce a settlement agreement in federal court, or permit the recovery of monetary damages in cases of breach.  See e.g. Lindstrom, 510 F.3d at 1194 (finding that "[c]learly, this regulation does not permit [a federal employee] to sue in federal court to enforce his settlement agreement."); Frahm, 492 F.3d at 262 (affirming the dismissal of a federal employee's breach of settlement agreement claim in a case in which the district court found that Section 1614.504(a) "provides for two exclusive alternatives in the event of breach of settlement agreement, neither of which includes monetary recovery.").

Finally, with regard to Dawson's request that his discrimination claim be reinstated, the Court finds that such relief is not authorized in this forum.  Specifically, under the controlling Regulation, the EEOC (not the court) is authorized to order that a discrimination complaint be reinstated for further processing in the event it determines that the federal agency has failed to comply with the terms of a settlement agreement, and that the noncompliance is not attributable to acts or conduct of the complainant.  See 29 C.F.R. § 1614.504(c).  See also Casey v. Potter, Civil No. 09-cv-639, 2009 WL 2809423, at *2 (D. Colo. Aug. 31, 2009)(finding that "pursuant to the clear terms of [29 C.F.R. § 1614.504], reinstatement of the complaint is a remedy available exclusively from the agency.  This court is not empowered to reinstate plaintiff's complaint.").

For these reasons, the Court finds it lacks subject matter jurisdiction to consider Dawson's breach of settlement agreement claims[2] and, therefore, that Potter's motion to dismiss this case

---

[2] The Court additionally notes that the Fifth Circuit has found that a federal employee seeking monetary damages on a claim of breach of settlement agreement against a federal employer is one that must be brought in the Federal Court of Claims.  See Patterson v. Spellings, No. 07-10273, 2007 WL 2948663, at *3 (5th Cir. Oct. 10, 2007)(finding that as the federal employee stated a single claim for breach of settlement agreement against a federal employer, and sought more than $10,000 in damages on her claim, "the Court of Claims has exclusive jurisdiction over [her] Federal Complaint.").  As the Patterson decision is unpublished, and as the parties did not raise any arguments regarding the jurisdiction of the Federal Court of Claims, the Court does not consider the merits of this issue.

8

on that grounds should be granted, and that his alternative motion to transfer venue should be denied as moot.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss [Docket No. 3] is hereby granted to the extent it seeks dismissal of this case on the grounds of lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the alternative Motion of Defendant to Transfer Venue is hereby denied as moot.

A Final Judgment dismissing this case without prejudice shall be entered this day.[3]

SO ORDERED this the 7th day of April, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] As the Court is dismissing this case for lack of subject matter jurisdiction, the dismissal must be without prejudice. See e.g. Hitt v. Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(noting that a dismissal for lack of subject matter jurisdiction is not a determination of the merits).